IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────

TIMOTHY A. BARON,

                 Plaintiff,

       v.

DICK MILLER, *et al.*,

                 Defendants.

───────────────────────────

Civil Action No.
3:13-CV-0153 (FJS/DEP)

APPEARANCES:

FOR PLAINTIFF:

TIMOTHY A. BARON, *Pro Se*
300 Main Street
Apartment 3
Oneonta, NY 13820

FOR DEFENDANT MILLER:

LEMIRE JOHNSON, LLC
P.O. Box 2485
2534 Route 9
Malta, NY 12020

FOR DEFENDANTS WEST
AND LAKOMSKI:

HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

OF COUNSEL:

GREGG T. JOHNSON, ESQ.
APRIL J. LAWS, ESQ.
MARY E. KISSANE, ESQ.
TIMOTHY J. HIGGINS, ESQ.

AARON M. BALDWIN, ESQ.
Assistant Attorney General

FOR DEFENDANT FOOTHILLS
PERFORMING ARTS CENTER, INC.:

CORRIGAN, McCOY & BUSH PLLC      SCOTT W. BUSH, ESQ.
220 Columbia Turnpike
Rensselaer, NY 12144

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This action was commenced by plaintiff Timothy A. Baron and his corporation, Nuphlo Entertainment, Inc. ("Nuphlo"), pursuant to 42 U.S.C. §§1981, 1983, 2000a, and 2000a-2, against the mayor of the City of Oneonta, a privately operated performing arts center, and two New York State troopers, alleging various civil rights violations.[1]  In his amended complaint, which is now the operative pleading, Baron contends that he was (1) denied the opportunity to rent space from defendant Foothills Performing Arts Center, Inc. ("Foothills"), based upon his race; (2) arrested and subjected to excessive force by defendants Timothy West, Jr., and Jacob Lakomski, two New York State troopers; and (3) otherwise harassed and discriminated against, also on the basis of race, by defendants City of Oneonta and Dick Miller, the mayor of Oneonta.

---

[1]      As will be discussed below in part II of this report, all claims asserted by former-plaintiff Nuphlo have been dismissed based upon the failure of that corporation to appear in the action through counsel.

Currently pending before the court are several motions. Defendants City of Oneonta and Miller, defendant Foothills, and defendants West and Lakomski have separately moved for dismissal of various causes of action for failure to state a claim upon which relief may be granted. Plaintiff Baron has opposed those motions and sought leave to file a second amended complaint ("SAC"). For the reasons set forth below, I recommend that all motions be granted.

I.    <u>BACKGROUND</u>[2]

Plaintiff Baron, an African American, has been a resident of the City of Oneonta, New York, since approximately 2003. Dkt. No. 4 at 2. Baron owns and operates Nuphlo, a corporation engaged in the business of hosting and catering parties and concerts in the Oneonta vicinity. *Id.* at 3. Plaintiff's amended complaint, the operative pleading at this juncture, alleges that Nuphlo's primary clientele consists of racial minorities, and that it has "hosted and catered at rock concerts, hip-hop and reggae events. . . offered mostly to minority patrons." *Id.* at 6.

---

[2]    In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's amended complaint, the contents of which have been accepted as true for purposes of the pending motion. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546 (1964).

In his amended complaint, plaintiff states his belief that "the City of Oneonta has a long history of racial profiling and discrimination against the black population."  Dkt. No. 4 at 3.  In support of that allegation, Baron cites several examples of what he believes has been discriminatory conduct against other blacks in the community.  *Id.* at 3-7, 14-15.

Defendant Foothills is a not-for-profit corporation and performing arts center that provides entertainment to the public.  Dkt. No. 4 at 6.  At the times relevant to plaintiff's claims in this action, defendant Miller was the president of the Foothills board of directors.  *Id.*  At a time not specified in his amended complaint, Baron attempted to rent space from defendant Foothills.  *Id.*  Space was allegedly available at the time, and Foothills was actively seeking lessees to fill those vacancies.  *Id.*  Nuphlo's requests to rent space were denied, however, and defendant Miller, in his capacity as board president, indicated to Baron that he "dislikes the people that NUPHLO . . . attracts and the kind of performances NUPHLO hosts."  *Id.*  Moreover, it is alleged that Baron was told by defendant Miller, in his capacity as president of the board, to "take his business out of this town."  *Id.* at 5.  According to plaintiff, defendant Miller was aware that Nuphlo offered entertainment services to "mostly minority patrons."  *Id.* at 6.

On an occasion seemingly unrelated to Baron's efforts to lease space from defendant Foothills, he alleges that the offices of Nuphlo were allegedly searched for drugs in April 2011.  Dkt. No. 4 at 7.  No drugs were found during the course of that search.  *Id.* at 8.

Also unrelated to Nuphlo's attempt to secure rental space from Foothills is plaintiff's allegation that, on or about April 4, 2012, while he was driving in Oneonta, he was pulled over by defendants Timothy West, Jr., and Jacob Lakomski, both of whom are New York State Troopers. Dkt. No. 4 at 8.   Plaintiff's amended complaint alleges that he did not violate any traffic laws or otherwise engage in conduct that might have prompted the stop.  *Id.*  After producing his driver's license, Baron was directed to exit the vehicle based upon defendant West's observation that an object inside the car resembled a marijuana cigarette.   *Id.* at 8-9. Plaintiff alleges that, during the course of an attempt to arrest him, the troopers used excessive physical force against him, including deploying a Taser gun and pepper spray against him, punching him, and placing him in a headlock.  *Id.* at 9-12.  As a result of the incident, plaintiff suffered physical injuries and was charged with obstructing governmental administration, resisting arrest, possession of marijuana, making an unsafe turn, and turning without a left signal.  *Id.* at 12.  All of those

charges against Baron were ultimately dismissed, in exchange for a plea to making unreasonable noise. *Id.* at 12.

II.  PROCEDURAL HISTORY

Plaintiff Baron and former-plaintiff Nuphlo commenced this action on February 10, 2013, and subsequently filed an amended complaint nine days later.  Dkt. Nos. 1, 4.  At the time of filing, both plaintiffs were represented by counsel.

In lieu of filing an answer to the amended complaint, all defendants filed a motion to dismiss.  Defendants West and Lakomski (collectively "trooper defendants") filed their motion on April 18, 2013; defendants City of Oneonta and Miller (collectively "city defendants") filed their motion on April 19, 2013; and defendant Foothills filed its motion on May 31, 2013.  Dkt. Nos. 9, 12, 23.  On June 4, 2013, plaintiffs submitted a response in opposition to the dismissal motions by the trooper and city defendants.  Dkt. Nos. 24, 26.  Simultaneously, plaintiffs cross-moved for leave to further amend their complaint.  Dkt. No. 24.  Plaintiffs later filed papers in opposition to dismissal motion by defendant Foothills on July 9, 2013.  Dkt. No. 32.  The trooper and city defendants have since filed oppositions to plaintiffs' motion for leave to amend and in further support of their dismissal motions.  Dkt. Nos. 30, 31.

On July 9, 2013, plaintiffs' former counsel, Tatiana Neroni, Esq., wrote to the court advising that felony criminal proceedings brought against plaintiff Baron were dismissed in June 2013, and requesting that all pending motions be held in abeyance until on or after August 31, 2013, in order to permit her to conduct research regarding potential additional claims stemming from the closed criminal proceedings.  Dkt. No. 33.  As a result, Senior District Judge Frederick J. Scullin, Jr.,  issued a text order on July 17, 2013, permitting plaintiffs to file new responses to the pending motions to dismiss and a new cross-motion for leave to amend by August 30, 2013, and instructing that any newly filed response and cross-motion would replace the previously filed responses and cross-motion for leave to amend.  Dkt. No. 38.

On July 31, 2013, Attorney Neroni filed a motion for leave to withdraw as plaintiffs' counsel of record in the action.  Dkt. No. 39.  That motion was granted on September 3, 2013.  Dkt. No. 50.  All claims in the action brought by plaintiff Nuphlo were subsequently dismissed based upon its failure to retain replacement counsel.  Dkt. Nos. 61, 63; *see also* Text Minute Entry Dated Oct. 16, 2013.

Because plaintiff Baron did not file new responses to defendants' motions to dismiss, or file a new motion for leave to amend his complaint,

the trooper defendants filed a motion, on November 18, 2013, requesting

that the court reinstate all motions that were earlier held in abeyance.  Dkt.

No. 57.  In a text order dated March 14, 2014, I granted that request and

gave all parties the opportunity to submit supplemental briefing regarding

the relevant motions.  Dkt. No. 66.  Those motions, which are now fully

briefed and ripe for determination, have been referred to me for the

issuance of a report and recommendation, pursuant to 28 U.S.C. §

636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See*

*also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Defendants' Dismissal Motions

As was previously noted, the city and trooper defendants, as well as

defendant Foothills, have all separately filed motions to dismiss various

causes of action asserted against them.  Dkt. Nos. 9, 12, 23.

1.   Legal Standard Governing Motions to Dismiss

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, calls upon a court to gauge the

facial sufficiency of that pleading using a standard which, though

unexacting in its requirements, "demands more than an unadorned, the-

defendant-unlawfully-harmed me accusation" in order to withstand

scrutiny.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).  While modest in its requirements, that rule commands that a complaint contain more than mere legal conclusions.  *See id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true and draw all inferences in favor of the non-moving party.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also Cooper v. Pate*, 378 U.S. 546, 546 (1964); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).  However, the tenet that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678.

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge plaintiffs' claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570) (alterations omitted).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant, whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action. *Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citation omitted)); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("[W]hen a plaintiff proceeds *pro se*, a court is obliged to construe his pleadings liberally." (quotation marks and alterations omitted)); *Kaminski v. Comm'r of Oneida Cnty. Dep't of Soc. Servs.*, 804 F. Supp. 2d 100, 104 (N.D.N.Y. 2011) (Hurd, J.) ("A pro se complaint must be read liberally.").

2.     Defendant Foothills' Motion to Dismiss

Defendant Foothills seeks dismissal of plaintiff's conspiracy claim, as well as all claims arising under 42 U.S.C. §§1983, 1981, 2000a, and 2000a-2.  *See generally* Dkt. No. 23-1.

a.     Section 1983

Defendant Foothills contends that plaintiff's section 1983 claim should be dismissed because it is not a state actor, and therefore the amended complaint has failed to allege one of the necessary elements to state a plausible section 1983 claim.  Dkt. No. 23-1 at 6.

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)).  It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'"  *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted

under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F.Supp. 774, 776 (N.D.N.Y.1994) (McAvoy, J.)). To survive scrutiny under a Rule 12(b)(6) analysis, a complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir.1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); see *also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

In this case, the amended complaint alleges that plaintiff, in his capacity as the owner of Nuphlo, approached defendant Foothills seeking rental space that had been advertised as available. Dkt. No. 4 at 6. According to plaintiff, although spaces were still available, defendant Miller, who was the president of the Foothills board of directors at the time, denied Nuphlo's request for rental space, "indicat[ing] that he dislikes the people NUPHLO entertainment attracts and the kind of performance

NUPHLO hosts, and that he wanted [plaintiff] to take his business out of town." *Id.* Liberally construed, plaintiff alleges that defendants Foothills and Miller denied him rental space based on the race of Nuphlo's clientele, in light of the fact that Nuphlo "hosted and catered at rock concerts, hip-hop and reggae events, where hip-hop and reggae were offered mostly to minority patrons and Defendant MILLER knew the type of clientele that NUPHLO entertained." *Id.* These allegations are insufficient to state a section 1983 claim against defendant Foothills for two reasons.

First, the amended complaint fails to allege sufficient facts plausibly suggesting that defendant Foothills's decision to deny rental space was attributable to state action. As private, non-profit organization, Dkt. No. 4 at 2, the conduct of defendant Foothills is

> attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the state,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the state,' ('the public function test').

*Sybalski v. Indep. Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Assoc.*, 531 U.S. 288, 296 (2001) (alterations omitted)). Although the

amended complaint identifies defendant Miller as both the "Oneonta City Mayor and Foothills Board President," there are no allegations suggesting that defendant Miller was acting in his capacity as the mayor when he denied rental space to Nuphlo. Indeed, there are no allegations that plausibly suggest defendant Miller exercised any control over defendant Foothills in his capacity as the mayor, or that, in that capacity, he provided "significant encouragement" to defendant Foothills to deny Nuphlo's request for rental space. Although it is alleged that defendant Miller made the decision to deny the request from Nuphlo on the basis that he does not prefer the type of entertainment the business attracts (a vague allegation in itself), there are no allegations plausibly suggesting that the decision was influenced in any way by defendant Miller's position as the mayor, or that he sought to make defendant Foothills a "willful participant" in the implied racial discrimination. Nor is it alleged with any specificity that defendant Foothills was exercising the alleged discriminatory policies of defendant City of Oneonta. Dkt. No. 4 at 7. The allegation that "it was obvious that . . . Defendant MILLER was declaring a policy on behalf of the City of Oneonta where he was Mayor" is nothing but conclusory. *Id.* Accordingly, because I find that the amended complaint fails to plausibly

allege a nexus between defendant Foothills and state action, I recommend that the section 1983 claim asserted against it be dismissed on this basis.

The second reason plaintiff's section 1983 claim fails as asserted against defendant Foothills is that there are no allegations in the amended complaint plausibly suggesting that, even assuming defendant Miller's denial of rental space to Nuphlo is attributable to the state, he did so on the basis of *plaintiff's* race. Instead, the amended complaint alleges that defendant Miller discriminated against Nuphlo based on the race of its clientele. As a *pro se* litigant, plaintiff cannot represent a claim on behalf of Nuphlo, even if he is its owner, because (as has been previously explained to plaintiff on multiple occasions) to pursue whatever claims it may have, Nuphlo must be represented by counsel. [3] *See, e.g.,* Dkt. No. 61 at 5 (explaining that a corporation may not appear *pro se* in an action pending in federal court, citing, *inter alia*, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)). Accordingly, to state a cognizable section 1983 claim, plaintiff must allege facts plausibly suggesting that his individual constitutional rights were violated. Because there are no allegations in the amended complaint suggesting that defendant Miller denied Nuphlo's request for rental space based on

---

[3]     The court expresses no opinion regarding whether Nuphlo, as a corporation, would have standing to assert a section 1983 claim.

plaintiff's race, I recommend that his section 1983 claim against defendant Foothills be dismissed on this ground, as well.

b.  Conspiracy

Defendant Foothills also seeks dismissal of plaintiff's conspiracy claim because, again, it is not a state actor, and the amended complaint fails to allege facts plausibly suggesting that it entered into an agreement with a state actor.  Dkt. No. 23-1 at 7.

To state a cognizable conspiracy claim pursuant to section 1983, a complaint must allege sufficient facts to plausibly suggest "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999).  Conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights are not sufficient to support a cognizable claim under section 1983.  *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.1983).

After carefully reviewing the amended complaint, I conclude that it contains nothing but conclusory or vague allegations regarding an alleged conspiracy undertaken by defendant Foothills.  Indeed, there are no allegations that defendant Foothills entered into any agreement with

defendant Miller in his capacity as mayor or any other state actor. For that reason, I recommend that the conspiracy claim asserted against defendant Foothills be dismissed.

### c.   Sections 1981, 2000a, 2000a-2

In its motion, defendant Foothills contends that plaintiff's claims arising under sections 1981, 2000a, and 2000a-2 are ripe for dismissal due to the absence of any allegation in the amended complaint suggesting that its denial of Nuphlo's request for rental space was based on a discriminatory purpose or reflects purposeful discrimination. Dkt. No. 23-1 at 7-9.

To state a cognizable section 1981 claim, a plaintiff's complaint must allege facts plausibly suggesting that (1) the plaintiff is a member of a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of his race, and (3) the defendant discriminated in connection with one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999). Those enumerated activities include the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons as property." 42 U.S.C. § 1981(a); *Brown*, 221 F.3d at 339. In order for a section 1981 claim to survive a

Rule 12(b)(6) motion to dismiss, the complaint must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994); *see also Brown*, 221 F.3d at 339 ("Section 1981. . . only prohibits intentional racial discrimination.").

Section 2000a provides, in pertinent part, that

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). "A plaintiff alleging a violation of Section 2000a must allege facts [plausibly suggesting] that he was deprived of equal use and enjoyment of a covered facility's services and facts which demonstrate discriminatory intent." *Thomas v. Tops Friendly Mkts., Inc.*, No. 96-CV-1579, 1997 WL 627553, at *5 (N.D.N.Y. Oct. 8, 1997) (Pooler, J.); *accord, Coward v. Town & Vill. of Harrison,* 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009).

Section 2000a-2 provides as follows:

> No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by

> section 2000a . . . of his this title, or (b) intimidate,
> threaten or coerce, or attempt to intimidate,
> threaten, or coerce any person with the purpose of
> interfering with any right or privilege secured by
> section 2000a . . . of this title, or (c) punish or
> attempt to punish any person for exercising or
> attempting to exercise any right or privilege secured
> by section 2000a . . . of this title.

42 U.S.C. § 2000a-2. Similar to section 2000a, section 2000a-2 requires a showing that the defendant intentionally discriminated against the plaintiff. *See Lizardo v. Denny's Inc.*, No. 97-CV-1234, 2000 WL 976808, at *8 (N.D.N.Y. July 13, 2000) (Scullin, J.), *aff'd* 270 F.3d 94 (2d Cir. 2001), (finding that a section 2000a-2 claim requires a showing of intentional discrimination based on race).

Here, plaintiff's claims against defendant Foothills arising under sections 1981, 2000a, and 2000a-2 all fail for the same reason: plaintiff's amended complaint does not allege that defendant Miller, in his capacity as the president of the board of directors for Foothills, denied Nuphlo's request for rental space from Foothills based on plaintiff's race. The amended complaint alleges that defendant Miller denied the request based on his dislike of the clientele Nuphlo serves, and that he was aware that Nuphlo's clientele is comprised primarily of racial minorities. Liberally construed, those allegations are only sufficient to allege that defendant

Miller discriminated against Nuphlo based on discriminatory intent.[4]  There are no allegations, however, that plaintiff's individual race motivated defendant Miller to deny Nuphlo's request.  For that reason, I conclude that the amended complaint fails to allege the purposeful or intentional discrimination element necessary to state a claim under sections 1981, 2000a, and 2000a-2.  *See Yusuf*, 35 F.3d at 713 (finding that, to state a claim arising under section 1981, a complaint must "allege . . . circumstances giving rise to a plausible inference of discriminatory intent"); *Lizardo*, 2000 WL 976808, at *8 (concluding that the plaintiffs' section 2000a-2 claim fails because they failed allege that the defendants' conduct was motivated by the plaintiffs' race); *Thomas*, 1997 WL 627553, at *5 (finding that, to allege a violation of 2000a, a complaint must allege sufficient facts to suggest discriminatory intent).[5]

---

[4]     Because it is not a party to this case, I decline to analyze whether Nuphlo, as a corporation, would have standing to assert claims arising under sections 1981, 2000a, or 2000a-2.

[5]     In any event, plaintiff's sections 2000a and 2000a-2 claims fail to the extent they seek monetary relief.  *Thomas*, 1997 WL 627553, at *6 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-51 n.5 (1970)).

### 3. The City Defendants' Motion to Dismiss

The city defendants seek dismissal of plaintiff's section 1983, conspiracy, and municipal liability claims asserted against them. *See generally* Dkt. No. 12-1. They also contend that defendant Miller is entitled to qualified immunity at this juncture, and certain allegations in plaintiff's amended complaint should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[6] *Id.* at 13-15.

### a. Section 1983

The city defendants argue that plaintiff's section 1983 claim should be dismissed as asserted against them due to the absence of any allegation in the amended complaint plausibly suggesting that defendant Miller acted in his official capacity as mayor of the City of Oneonta when he denied Nuphlo's request to rent entertainment space from Foothills. Dkt. No. 12-1 at 8-10. They also contend that plaintiff's section 1983 claim as against defendant City of Oneonta fails because that defendant did not take part in the decision to deny Nuphlo's request for rental space from Foothills. *Id.*

---

[6] Although the city defendants have not sought dismissal of the section 1981 claim asserted against them, I have included an analysis of the sufficiency of that claim in this report for the sake of completeness.

As was discussed above, state action is an essential element of any section 1983 claim. *Gentile*, 1995 WL 743719, at *2. Although the amended complaint in this case alleges that defendant Miller was both the mayor of Oneonta and the president of the Foothills board of directors at the times relevant to the action, there are no facts alleged that plausibly suggest defendant Miller denied Nuphlo's request to rent space from Foothills in any other capacity than as the president of the Foothills board of directors. Moreover, even assuming defendant Miller's conduct is attributable to the state somehow, there are no allegations in the amended complaint that plausibly allege he violated any of plaintiff's constitutional rights. As discussed above, the allegations in the amended complaint do not suggest that defendant Miller denied Nuphlo's request for rental space based on plaintiff's race. Thus, because I find that there are no allegations to plausibly suggest that defendant Miller's conduct is attributable to the state, or that he discriminated against plaintiff based on his race, I recommend that the section 1983 claim asserted against defendant Miller be dismissed.

Moreover, to the extent that plaintiff asserts a section 1983 claim against defendant City of Oneonta, it is not sufficient to allege either that the City of Oneonta has a small racial minority population or anecdotes

regarding how many minorities plaintiff has observed in a courtroom in Oneonta. Dkt. No. 4 at 3, 4. Such allegations do not plausibly suggest that, as the mayor, defendant Miller discriminated against plaintiff or anyone else based on their minority status, thus making such conduct attributable to the City of Oneonta. Moreover, as discussed above, an allegation that defendant Miller's denial of Nuphlo's request to rent space from defendant Foothills was effectively an exercise of a city policy to discriminate against minorities is conclusory, and there are no facts in the amended complaint to support it. Finally, it bears repeating that plaintiff cannot assert a section 1983 claim on behalf of Nuphlo *pro se*, assuming Nuphlo even has standing to assert such a claim – an issue upon which the court declines to comment.

Accordingly, I find that the amended complaint fails to allege sufficient facts plausibly suggesting that the city defendants, including defendant Miller in his official capacity as the mayor of Oneonta, discriminated against plaintiff on the basis of race, in violation of his constitutional rights. For that reason, I recommend that plaintiff's section 1983 claim asserted against the city defendants be dismissed.

b.    <u>Conspiracy</u>

In support of their motion to dismiss, the city defendants contend that the amended complaint fails to allege facts plausibly suggesting that they entered into an agreement with the trooper defendants to violate plaintiff's constitutional rights.  Dkt. No. 12-1 at 10-12.

As was discussed above in connection with defendant Foothills' motion to dismiss, to state a cognizable conspiracy claim pursuant to section 1983, a complaint must allege sufficient facts to plausibly suggest "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn*, 200 F.3d at 72.  With respect to any claim that the city defendants conspired with defendant Foothills to deny Nuphlo's request on the basis or race discrimination, I have already found, in part III.A.2.b. of this report, that there are no allegations in the complaint plausibly suggesting that defendant Miller acted in his official capacity as the mayor (and thus state actor) in denying Nuhplo's request.  Moreover, also as was discussed above, to state a cognizable conspiracy claim accusing defendant City of Oneonta of entering into an agreement with defendant Foothills to discriminate against Nuphlo or plaintiff, plaintiff must

allege more than statistics related to Oneonta's small racial minority population or anecdotes regarding his observations inside Oneonta courtrooms.  Accordingly, I find the amended complaint fails to allege that the city defendants conspired with defendant Foothills to violate plaintiff's constitutional rights.

To the extent that plaintiff's amended complaint attempts to assert a conspiracy claim arising from allegations that the city defendants conspired with the trooper defendants to unlawfully arrest plaintiff and use excessive force against him, I find that it fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  Plaintiff alleges that the use of force by the trooper defendants was "racially motivated."  Dkt. No. 4 at 12.  He also alleges that "[t]here is a culture of racial discrimination in the law enforcement operating within the City of Oneonta," and "[e]ven though here Defendant officers are state troopers, Plaintiffs believe that the culture of racially motivated law enforcement in the City of Oneonta between state troopers and local police officers in the area is the same." *Id.* at 12, 13.  These allegations, even taken as true and construed in the light most favorable to plaintiff, are not sufficient to give rise to a conspiracy claim against the city defendants.  The allegations are based only on plaintiff's "beliefs," rather than facts, which are not sufficient to give

rise to a section 1983 claim of conspiracy. *See Quoquoi v. N.Y. City Dep't of Educ.*, No. 11-CV-4792, 2012 WL 1119287, at *7 (E.D.N.Y. Feb. 27, 2012) ("Plaintiff's belief in the long-running and far-reaching conspiracy against him is not alone sufficient to sustain a lawsuit."); *Bridges v. Strange*, No. 08-CV-1353, 2008 WL 5071976, at *2 (D. Conn. Nov. 21, 2008) ("Plaintiff's belief [that two attorneys conspired with a judge to violate his rights] is not sufficient to state a claim for conspiracy."). In any event, more fundamentally, there is nothing in the amended complaint plausibly suggesting the city defendants entered into any agreement with the trooper defendants to violate plaintiff's constitutional rights.

Accordingly, I recommend that plaintiff's conspiracy claim asserted against the city defendants be dismissed.

c.   <u>Municipal Liability</u>

The city defendants next argue that the amended complaint fails to state a cognizable municipal liability claim against defendant City of Oneonta. Dkt. No. 12-1 at 12. While amenable to suit under section 1983, a municipality may not be held liable under that section for the acts of its employees based on a theory of *respondeat superior*. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Blond v. City of Schenectady*, No. 10-CV-0598, 2010 WL 4316810, at *3

(N.D.N.Y. Oct. 26, 2010) (McAvoy, J.); *Birdsall v. City of Hartford*, 249 F. Supp. 2d 163, 173 (D. Conn. 2003). For liability to attach against a municipality under section 1983, a plaintiff must establish that the alleged constitutional violation resulted from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91; *Blond*, 201 WL 4316810, at *3; *Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000).

In this case, plaintiff's amended complaint is littered with conclusory allegations, based only on his beliefs, that defendant City of Oneonta regularly discriminates against its minority population on the basis of race. *See, e.g.,* Dkt. No. 4 at 7 (alleging that defendant Miller's alleged instruction to plaintiff to "take [Nuphlo's] business 'out of town'" (in his capacity as the president of the board of directors for defendant Foothills) was representative of defendant City of Oneonta's policy of discrimination). Those allegations, however, are supported only by plaintiff's conjecture, not by facts. *See, e.g., id.* at 12, 13 (alleging a "culture" of race discrimination throughout the City of Oneonta Police

Department based on, for example, plaintiff's "personal observations . . . in Oneonta City Court" that the "majority of individuals arrested and charged with crimes" are from minority racial groups).  Moreover, even assuming that there are sufficient allegations in plaintiff's amended complaint to suggest that defendant City of Oneonta has adopted a policy or practice that results in discrimination based on race, that pleading is devoid of any allegations that the policy violated any of plaintiff's individual constitutional rights.  Again, plaintiff cannot assert a constitutional claim on behalf of Nuphlo (assuming Nuphlo has constitutional rights cognizable under section 1983 – an issue the court declines to analyze) in his capacity as a *pro se* litigant.

Accordingly, because the amended complaint contains no allegations plausibly suggesting that defendant City of Oneonta maintains a policy or practice that resulted in any violation of plaintiff's constitutional rights, I recommend that plaintiff's municipal liability claim be dismissed against that defendant.

Plaintiff's amended complaint alleges a section 1981 claim against the city defendants.  Dkt. No. 4 at 16.

As was discussed above in connection with the section 1981 claim asserted against defendant Foothills, to state a cognizable claim against a defendant pursuant to that statute, a complaint must allege facts plausibly suggesting that (1) the plaintiff is a member of a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of his race, and (3) the defendant discriminated in connection with one of the statute's enumerated activities.  *Brown,* 221 F.3d 329, at 339.

As I previously observed in part III.A.2.c. of this report, there are no allegations in the amended complaint plausibly suggesting that defendant Miller, in his capacity as the president of the board of directors for Foothills, denied Nuphlo's request for rental space based on plaintiff's race.  Dkt. No. 4 at 2, 6.  For that reason, I recommend that plaintiff's section 1981 claim asserted against defendant Miller be dismissed.

Turning to defendant City of Oneonta, claims against a municipality under section 1981, similar to claims against a municipality under section 1983, cannot be premised on a theory of vicarious liability, but must instead be based on the existence of a policy or custom, pursuant to which

the plaintiff's constitutional rights were violated, as is required under *Monell. Gertskis v. E.E.O.C.*, No. 11-CV-5830, 2013 WL 1148924, at *10 n.11 (S.D.N.Y. Mar. 20, 2013) (citing *Monell*, 436 U.S. at 690-95). Thus, for the same reasons that I concluded that plaintiff's amended complaint fails to state a plausible municipal liability claim against defendant City of Oneonta pursuant to section 1983, his section 1981 claim fails, as well. Accordingly, I recommend that plaintiff's section 1981 claim asserted against the city defendants be dismissed.

e.    Qualified Immunity

Although the city defendants' also argue that defendant Miller is entitled to qualified immunity at this juncture, Dkt. No.12-1 at 13-14, I have not analyzed that contention in light of my recommendations that all of the claims against defendant Miller be dismissed to the extent any claim is asserted against him in his official capacity as mayor.

f.    Request to Strike Portions of the Amended Complaint

Finally, the city defendants request that certain allegations in the amended complaint be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Dkt. No. 12-1 at 14-15.

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter."  Fed. R. Civ. P. 12(f).  "[I]t is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible."  *Lipsky v. Commonwealth United Corp*, 551 F.2d 887, 893 (2d Cir. 1976).  The Second Circuit has said that "[e]videntiary questions. . . should be avoided at . . . preliminary stage[s] of the proceedings."  *Lipsky*, 551 F.2d at 893.  Motions to strike pursuant to this rule "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."  *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D. Conn. 1979); *accord, Ulla-Maija, Inc. v. Kivimaki*, No. 02-CV-3640, 2003 WL 169777, at *3 (S.D.N.Y. Jan. 23, 2003); *see also Victor Mkts., Inc. v. Nelson*, No. 81-CV-1370, 1982 WL 2278, at *1 (N.D.N.Y. Mar. 26, 1982) (Munson, J.).

In this case, the city defendants request the court to issue an order striking paragraphs 12, 14-22, 24-26, 40, 80-83, 85-91, 94, and 97 from the amended complaint.  Dkt. No. 12-1 at 15.  Although the court agrees, to some degree, that the allegations in those paragraphs may ultimately be found to be immaterial to the causes of action asserted in the amended complaint, I do not find that they are so "impertinent" to justify striking them in light of the liberal pleading standard under which the court is required to

analyze the motion. For that reason, I recommend that the city defendants' motion to strike certain paragraphs of the complaint be denied. *See Ryan v. Paychex, Inc.*, No. 08-CV-1151, 2008 WL 4820525, at *1 (D. Conn. Nov. 5, 2008) (denying the defendant's motion to strike despite finding that the complaint lacked proper structure and "certain sections are repetitious and contain materials that exceed the [pleading] requirements").

### 4.    The Trooper Defendants' Motion to Dismiss

The trooper defendants seek dismissal of plaintiff's claims arising under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 1465 U.N.T.S. 85, 23 I.L.M. 1027 (Dec. 10, 1984), as well as his equal protection and conspiracy claims asserted against them. *See generally* Dkt. No. 9-1.

### a.    CAT Claim

In support of their motion to dismiss, the trooper defendants contend that plaintiff's CAT claim must fail because the convention does not confer a private right of action. Dkt. No. 9-1 at 5-6. The trooper defendants are correct. *See, e.g, Yung Hao Liu v. Holder*, 323 F. App'x 78, 80 (2d Cir. 2009). Apparently plaintiff has been convinced of this as evidenced by his "agree[ment] to withdraw" that claim. Dkt. No. 26 at 5. Accordingly, I

recommend that plaintiff's claims under the CAT be dismissed, with prejudice.

### b. Equal Protection

The trooper defendants also seek dismissal of plaintiff's equal protection claim based on the fact that the amended complaint contains nothing but conclusory allegations regarding that claim. Dkt. No. 9-1 at 7-9.

The equal protection clause of the Fourteenth Amendment directs state actors to treat similarly situated people alike. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish an equal protection cause of action, a plaintiff must prove that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995).

Plaintiff's allegations supporting his equal protection claim against the trooper defendants are based wholly upon bald and unsupported claims of racial profiling by City of Oneonta law enforcement officials, coupled with the pure speculation that the actions of defendants West and Lakomski were "inspired" by those attitudes. Dkt. No. 4 at 15. Such

conclusory and speculative allegations are insufficient to state a plausible equal protection claim.

### c. Conspiracy

Finally, the trooper defendants contend that plaintiff's conspiracy claim fails to the extent it is asserted against them because there are no facts in the amended complaint that plausibly suggest they entered into an agreement with the city defendants to violate plaintiff's constitutional rights. Dkt. No. 9-1 at 9-10.  As already discussed in part III.A.3.b. of this report, I find that the amended complaint fails to allege any facts plausibly suggesting that the trooper defendants and city defendants entered into any agreement to violate plaintiff's constitutional rights.  Accordingly, I recommend that plaintiff's conspiracy claim asserted against the trooper defendants be dismissed.  *See Cusamano v. Sobek*, 604 F. Supp. 2d 416, 433 n.24 (N.D.N.Y. 2009) (Suddaby, J.) ("[T]he existence of a conspiracy requires more than mere speculation or conjecture." (citing *Dawes v. Kelly*, No. 01-CV-6276, 2005 WL 2245688, at *6 (W.D.N.Y. Sept. 14, 2005)).

### B. Plaintiff's Motion for Leave to File a SAC

Among the motions pending before the court is an application by plaintiff Baron for leave to amend.[7]  Included with that motion is a SAC.[8]  A careful comparison of the currently operative amended complaint to the proposed SAC reveals that little has been changed.  *Compare* Dkt. No. 24-2 *with* Dkt. No. 4.  Plaintiff has added claims against two new defendants identified as "John Doe" and described as the officers or employees of the City of Oneonta who allegedly conducted searches of Nuphlo's offices.  All or portions of certain background paragraphs from the amended complaint have been omitted in the SAC, and language regarding the racial composition of the Albany, New York, metropolitan area has been added to paragraph 12.  Dkt. No. 24-2 at 3.  In addition, paragraphs 14, 16, 17, 37, 41, 42, and half of paragraph 48 have been added to the background allegations set forth in the pleading.  *Id.* at 4-9. The SAC does not add any new claims, but omits the cause of action previously asserted under the CAT.  *Id.* at 18-19.

---

[7]     The motion for leave to amend, as well as the proposed SAC that is attached, seeks to revive claims brought in the action on behalf of Nuphlo, despite the persistent failure of that corporation to appear through counsel.  The claims brought on behalf of that plaintiff remain dismissed.

[8]     Plaintiffs' proposed SAC fails to comply with the court's requirement that a proposed amended or supplemental complaint clearly identify the amendments contained in the new pleading "either through the submission of a red-lined version of the original pleading or other equivalent means."  N.D.N.Y. L.R. 7.1(a)(4).

Plaintiff's motion for leave to file his SAC is governed by Rule 15 of the Federal Rules of Civil Procedure. Given the present procedural posture of the case, plaintiff is no longer permitted to amend as a matter of right under that provision, and instead may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Under Rule 15(a), leave to amend should freely be granted absent the finding of undue delay, bad faith, dilatory tactics, undue prejudice in being served with a proposed pleading, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord*, *Elma R.T. v. Landesmann Int'l Mktg. Corp.,* No. 98-CV-0662, 2000 WL 297197, at *3 (S.D.N.Y. Mar. 22, 2000).

Although leave to amend should ordinarily be granted, if a claim contained within a proposed amended complaint would be vulnerable in the face of a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, then permitting amendment would be a futile act that should not be sanctioned. *See*, *e.g.*, *Saxholm AS v. Dynal, Inc.,* 938 F. Supp. 120, 124 (E.D.N.Y. 1996); *In re Boesky Secs. Litig.,* 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995). If, on the other hand, a "proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Saxholm*, 938 F. Supp. at 124 (citing, *inter alia*, *Allstate Ins. Co. v.*

*Administratia Asigurarilor De Stat,* 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995)).

Although pending since February 2013, this action in its formative stages.  No pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure has yet been held, nor has the court issued a standard scheduling order in the case.  It therefore does not appear that plaintiff has been dilatory in moving for the relief now sought, or that defendants will be prejudiced should the motion be granted.

Defendants' arguments in opposition to the motion for leave to amend focus on the question of futility.  Those arguments parallel those set forth in their respective motions to dismiss.  Because, as discussed above, I recommend that several of plaintiff's claims asserted against the defendants in this action fail to state a claim upon which relief may be granted, and because the proposed SAC fails to cure those deficiencies, I find that accepting the proposed SAC would be futile at this juncture.  It is possible, however, that some of the deficiencies identified in defendants' motions, could be cured through the inclusion of greater factual detail in his pleading.  Accordingly, with the exception of (1) his damage claims against all of defendants in their official capacities; (2) any claims brought on behalf of plaintiff Nuphlo; (3) his claims brought against defendant

Foothills pursuant to sections 2000a and 2000a-2 insofar as he seeks monetary relief; and (4) the CAT claims asserted against the trooper defendants, I recommend that plaintiff be permitted to amend his complaint, if desired, to address the deficiencies identified in this report.

In the event plaintiff chooses to file a revised second amended complaint, he is advised that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *see also Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).  Therefore, in his revised second amended complaint, plaintiff must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants that allegedly deprived him of his constitutional rights in sufficient detail to establish that they were tangibly connected to those deprivations.  *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986).  Finally, plaintiff is informed that any such

second amended complaint will replace the existing amended complaint

and must be a wholly integrated and complete pleading that does not rely

upon or incorporate by reference any pleading or document previously

filed with the court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124,

1128 (2d Cir. 1994) ("It is well established that an amended complaint

ordinarily supersedes the original, and renders it of no legal effect."

(quotation marks omitted)).[9]

IV.    <u>SUMMARY AND RECOMMENDATION</u>

All defendants in this action have filed motions to dismiss certain

claims asserted against them based on various grounds.  Because I agree

that all of the claims identified in those motions are subject to dismissal for

failure to state a claim upon which relief may be granted, I recommend

that defendants' motions be granted.

Turning to plaintiff's motion for leave to amend, which was filed in

response to defendants' dismissal motions, I recommend that it be

granted, in part, in light of the absence of any showing of bad faith, dilatory

tactics, or undue prejudice.  Although the proposed SAC attached to his

---

[9]     In the event plaintiff fails to file a revised second amended complaint, plaintiff's
amended complaint should remain the operative pleading, and the action should
proceed only with respect to plaintiff's section 1983 excessive force claim asserted
against the trooper defendants.

motion for leave to amend should not be accepted, he should be permitted to file a revised SAC for the court's consideration. Plaintiff should not, however, be permitted to replead (1) his claims asserted against any defendant in his official capacity insofar as he seeks monetary relief, (2) his sections 2000a and 2000a-2 claims against defendant Foothills insofar as he seeks monetary relief, (3) his CAT claim against any defendant, and (4) any and all claims brought on behalf of Nuphlo.

It is therefore hereby respectfully

RECOMMENDED that defendants' motions to dismiss (Dkt. Nos. 9, 12, and 23) be GRANTED, and that the following of plaintiff's claims be dismissed, with leave to replead: (1) section 1983 claims against all defendants, including the conspiracy claim asserted against all defendants and the equal protection claim asserted against the trooper defendants; (2) section 1981 claims against the city defendants and defendant Foothills; and (3) sections 2000 and 2000a-2 claims against defendant Foothills; and it is further

RECOMMENDED that plaintiff's CAT claim and claims arising under sections 2000a and 2000a-2, insofar as they seek monetary relief, be dismissed with prejudice; and is further

RECOMMENDED that the city defendants' motion to strike certain portions of the amended complaint (Dkt. No. 9) be DENIED; and it is further

RECOMMENDED that plaintiffs' motion for leave to amend (Dkt. No. 24) be GRANTED, in part, and that plaintiff be permitted to submit a revised second amended complaint for filing, subject to dismissal of all claims on behalf of plaintiff Nuphlo Entertainment, Inc., as well as those claims to be dismissed with prejudice in the event this recommendation is adopted.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     April 29, 2014
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge