IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY A. BARON,

        Plaintiff,

   v.

DICK MILLER, *et al.*,

        Defendants.

Civil Action No.
3:13-CV-0153 (FJS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

TIMOTHY A. BARON, *Pro Se*
300 Main Street
Apartment 3
Oneonta, NY 13820

FOR DEFENDANT MILLER:

LEMIRE JOHNSON, LLC
P.O. Box 2485
2534 Route 9
Malta, NY 12020

FOR DEFENDANTS WEST
AND LAKOMSKI:

HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

OF COUNSEL:

GREGG T. JOHNSON, ESQ.
APRIL J. LAWS, ESQ.
TIMOTHY J. HIGGINS, ESQ.
BRADLEY J. STEVENS, ESQ.

CHRISTOPHER W. HALL, ESQ.
Assistant Attorney General

FOR DEFENDANT FOOTHILLS
PERFORMING ARTS CENTER, INC.:

CORRIGAN, McCOY & BUSH PLLC     SCOTT W. BUSH, ESQ.
220 Columbia Turnpike
Rensselaer, NY 12144


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

Plaintiff Timothy A. Baron, an African American resident of the City of Oneonta, New York, and the owner of Nuphlo Entertainment, Inc., commenced this action on February 10, 2013, against the mayor the City of Oneonta, the operator of a local performing arts center, and two New York state troopers claiming the deprivation of his rights under assorted federal and international provisions.[1] Dkt. No. 1. In his complaint, as amended, plaintiff claims that he was (1) denied the opportunity to rent space from defendant Foothills Performing Arts Center, Inc. ("Foothills") based upon his race; (2) arrested and subjected to the use of excessive force by defendants Timothy West, Jr., and Jacob Lakomski, two New York state troopers; and (3) otherwise harassed and discriminated against,

---

[1] While Nuphlo Entertainment, Inc. was originally named as a co-plaintiff, the claims of that corporation were dismissed based upon the fact that it was not represented by counsel in the action. Dkt. Nos. 61, 63.

also on the basis of race, by employees of the City of Oneonta, including Dick Miller, the City's former mayor. *See generally* Dkt. No. 76. As defendants, plaintiff has named Foothills, West, Lakomski, and Miller, who is sued both individually and in his official capacity as the City's mayor, and as president of the board of directors of Foothills. *Id.* at 2, 9.

On November 14, 2014, a notice was filed with the court advising that defendant Miller died on October 26, 2014. Dkt. No. 89. No effort has been undertaken by the plaintiff since the filing of that notice to substitute Miller's successor or representative as a defendant in his place.

Under Rule 25(d) of the Federal Rules of Civil Procedure, Russell Southard, Jr., who, the court has been advised, is currently defendant Miller's successor as Acting Mayor of the City of Oneonta, is automatically substituted in his place in his official capacity as the City's mayor, and the clerk will respectfully be directed to amend the court's records to reflect that fact. Fed. R. Civ. P. 25(d);[2] *Baker v. Pataki*, 85 F.3d 919, 923 n.4 (2d

---

[2] Rule 25(d) provides as follows:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order

Cir. 1996).

While Rule 25(d) controls the issue of substitution insofar as defendant Miller's official role as the City's mayor is concerned, it does not address substitution for defendant Miller in his capacity as president of the board of directors for Foothills. Nor does the rule address the substitution of the appropriate estate representative for defendant Miller in this action. Those matters are governed by Rule 25(a) of the Federal Rules of Civil Procedure , which provides, in relevant part, as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); *Steward v. City of N.Y.*, No. 04-CV-1508, 2007 WL 2693667, at *2-3 (E.D.N.Y. Sept. 10, 2007). Under this rule, in the event a timely motion for substitution is not made, dismissal of any claim against a deceased defendant, other than a public officer sued solely in his official capacity, is required. *See Steward*, 2007 WL 2693667, at *3 ("Rule 25(a)(1) thus makes clear that, after a party's death is suggested on

---

does not affect the substitution.

Fed. R. Civ. P. 25(d).

the record, a motion for substitution must be made within ninety days or the court will be compelled to dismiss the action with respect to that party.").

In this instance, more than ninety days have elapsed since the filing of notice of defendant Miller's death. During that time neither plaintiff nor any other party has moved to substitute another representative of defendant Foothills and/or the estate of defendant Miller. Accordingly, plaintiff's claims against defendant Miller individually and in his capacity as president of the board of directors for Foothills are subject to dismissal.[3]

---

[3] The court acknowledges that, in this circuit, some courts have required that, in order for the ninety-day period to commence, the notice of death be, *inter alia*, served upon "'other parties and non-party successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.'" *Vail v. Smith*, No. 12-CV-0234, 2015 WL 792224, at *4 (N.D.N.Y. Feb. 25, 2015) (Suddaby, J., *adopting report and recommendation by* Treece, M.J.) (quoting *Winthrow v. Taylor*, No. 05-CV-1129, 2007 WL 3274858, at *2-3 (N.D.N.Y. Nov. 5, 2007) (Hurd, J., *adopting report and recommendation by* DiBianco, M.J.)). Those cases appear to rely on Ninth Circuit case law, which, of course, is non-binding in this circuit absent adoption of the principle by the Second Circuit. *See George v. United States*, 208 F.R.D. 29, 31-32 (D. Conn. 2001) ("The Ninth Circuit has held that two affirmative steps are necessary in order to trigger the running of the 90 day period. First, death must be formally suggested on the record. Next, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." (citations and quotation marks omitted)) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)); *accord, Winthrow*, 2007 WL 3274858, at *2-3. Having found no guidance concerning the matter from the Second Circuit, and in light of plaintiff's failure to object at a telephone conference held by the court in this case on March 5, 2015, in which the parties discussed the affect of defendant Miller's death on the action, I do not deem service upon defendant Miller's successor or representative necessary in order to recommend dismissal of him pursuant to Rule 25(a)(1).

Based upon the foregoing, it is hereby

ORDERED, that Russell Southard, Jr., is hereby substituted as a defendant in this action, in place of Dick Miller, in his official capacity as Acting Mayor the City of Oneonta;

ORDERED that the clerk is respectfully directed to adjust the court's records in this case accordingly; and it is further

ORDERED that the short-form caption of this case shall be "Timothy Baron v. Russell Southard, Jr., in his official capacity as the Acting Mayor of the City of Oneonta, *et al.*"; and it is further respectfully

RECOMMENDED that plaintiff's claims against Dick Miller, in his official capacity as president of the board of directors of the Foothills Performing Art Center, Inc., and in his individual capacity, be DISMISSED, leaving only (1) Russell Southard, Jr., in his official capacity as Acting Mayor of the City of Oneonta; (2) Timothy West, Jr.; (3) Jacob Lakomski; and (4) the Foothills Performing Arts Center, Inc., as defendants in the action.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:     March 24, 2015
              Syracuse, New York