**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY A. BARON,**

                              **Plaintiff,**


              **v.**                                    **3:13-CV-153**
                                                        **(FJS/DEP)**


**TIMOTHY WEST, Jr., New York State Trooper, in his**
**individual capacity; JACOB LAKOMSKI, New York**
**State Trooper, in his individual capacity; GARY**
**HERZIG, in his official capacity as Mayor of**
**Oneonta; and FOOTHILLS PERFORMING ARTS**
**CENTER, INC.,**


                              **Defendants.**
_____

**APPEARANCES**                          **OF COUNSEL**

**TIMOTHY A. BARON**
300 Main Street, Apartment 3
Oneonta, New York 13820
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**              **CHRISTOPHER W. HALL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants West and Lakomski


**LEMIRE JOHNSON & HIGGINS, LLC.**      **GREGG T. JOHNSON, ESQ.**
P.O. Box 2485                           **APRIL J. LAWS, ESQ.**
2534 Route 9                            **BRADLEY J. STEVENS, ESQ.**
Malta, New York 12020                   **TIMOTHY J. HIGGINS, ESQ.**
Attorneys for Defendant Herzig

**CORRIGAN McCOY & BUSH PLLC**          **SCOTT W. BUSH, ESQ.**
220 Columbia Turnpike
Rensselaer, New York 12144
Attorneys for Defendant Foothills
Performing Arts Center, Inc.

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I.  INTRODUCTION

Plaintiff Timothy A. Baron brings this action against Defendants Timothy West, Jr. and

Jacob Lakomski ("Defendant Troopers"), in their individual capacities, Gary Herzig, in his

official capacity as the Mayor of Oneonta ("City Defendants"),[1] and Foothills Performing Arts

Center, Inc. ("Defendant Foothills").  Generally, Plaintiff asserts excessive force claims against

Defendant Troopers under 42 U.S.C. §1983; racial discrimination claims against City Defendants

under 42 U.S.C. §§ 1981 and 1983 and *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978);

and racial discrimination claims against Defendant Foothills under 42 U.S.C. §§ 1981, 1983,

2000a, and 2000a-2.  *See* Dkt. No. 76, Second Amended Complaint, at ¶ 119 and pages 28-30

("Wherefore" clauses).  Pending before the Court are Defendants' motions to dismiss

Plaintiff's second amended complaint.  *See generally* Dkt. Nos. 82, 83, 85.

---

[1] Defendant Richard Miller, whose conduct was at issue in Plaintiff's original complaint, passed away while this motion was pending.  *See* Dkt. No. 90, City Defendants' Reply, at 4 n.1. Accordingly, to the extent this suit concerned his official actions as Mayor of Oneonta, Gary Herzig has been substituted in his place.  *See* Dkt. No. 122, Text Order dated October 5, 2015 (accepting substitution).  To the extent that Plaintiff sued Defendant Miller in his individual capacity, such claims are extinguished because the Court dismisses all of Plaintiff's claims against the City Defendants with prejudice as implausible on their face.  *See infra* Part III.C.3.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint which he then amended once as of right.  *See* Dkt. Nos. 1, 4, Complaint and Amended Complaint.  Plaintiff's claims arise from the following core allegations: (1) that Defendant Troopers tasered Plaintiff in the chest when he did not display any violent behavior and only asked for identification and their reason for stopping him, *see* Dkt. No. 4, Am. Compl., at ¶¶ 71-88; (2) that Oneonta Mayor Richard Miller, then also serving as the president of Defendant Foothills, told Plaintiff to "take his business out of this town," *see id.* at ¶ 49; (3) that Plaintiff's business was "denied an equal right to contract and rent available spaces in [Defendant Foothills' facility] . . . clearly on the basis of race," *see id.* at ¶ 50; and (4) that, when Plaintiff did not heed the mayor's warning to take his business elsewhere, Oneonta Police harassed him in retaliation for exercising his constitutional rights.  *See id.* at ¶¶ 59-63.

Defendants moved to dismiss Plaintiff's amended complaint, and the Court granted their motions.  *See* Dkt. No. 75, Order dated Aug. 13, 2014 (accepting Dkt. No. 68, Report and Recommendation).  The Court granted Plaintiff leave to amend his complaint with respect to the following claims: (1) Section 1983 claims against all Defendants, [2] (2) Section 1981 claims against the City Defendants and Defendant Foothills, and (3) Section 2000 and 2000a-2 claims against Defendant Foothills.  *See id.* at 2-3.  The Court dismissed with prejudice Plaintiff's U.N. Convention on Torture ("CAT") claim and his Section 2000a and 2000a-2 claims insofar as the latter sought monetary relief.  *See id.* at 3.

---

[2]  The Court took no action with respect to Plaintiff's Fourth Amendment excessive force claims against Defendant Troopers because Defendant Troopers did not move to dismiss them.  *See* Dkt. No. 68, Rept. & Rec., at 32.  Defendant Troopers acknowledge that these claims are plausible on their face and that they will require an answer.  *See* Dkt. No. 82-1, Def. Troopers' Mem., at 4; *see also* Dkt. No. 76, Second Am. Compl., at ¶¶ 71-86, 92, 100-03, 116.

Plaintiff then filed a second amended complaint, and Defendants have again moved to dismiss.[3] The second amended complaint generally asserts the same claims as those in the amended complaint. *See* Dkt. No. 76, Second Am. Compl., at Wheretofore clauses. In addition, Plaintiff, for the first time, raises a malicious prosecution claim wherein he alleges that the Oneonta police searched his property and arrested him without justification and that the prosecutor threatened him before the charges were dismissed. *See id.* at ¶¶ 145-156. Further, Plaintiff asserts a false arrest claim against the Trooper Defendants. *See id.* at ¶ 81. Notwithstanding these two new claims, the allegations in the second amended complaint generally concern (1) Plaintiff's dealings with individuals who are not parties to this lawsuit, (2) factual scenarios with which Plaintiff was not involved and accordingly lacks standing to raise, or (3) irrelevant bodies of law. *See, e.g.*, *id.* at ¶¶ 43, 89, 91.

Plaintiff further seeks for the first time to assert jurisdiction under the following laws: 28 U.S.C. §§ 1343 and 2202, 42 U.S.C. §§ 1985, 1986, and 3601, 18 U.S.C. §§ 2441 and 242, 5 U.S.C. § 3331, 46 U.S.C. § 80506, the U.N. Convention on Torture, "Brown [A]ct, Negro Act of 1740, Civil Rights Act of 1964, United Nations Declaration on the Rights of Indigenous Peoples, The Executive Order 13107, Implementation of Human Rights Treaties, Separation of Powers and Checks and Balances, the Convention of International Road," and the Federal Tort Claims Act. *See id.* at ¶ 1; *see* Dkt. No. 129, Pl.'s Opposition to Defendants' Motion.

---

[3] City Defendants have moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(c). All other Defendants have moved to dismiss Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the same. *See* Fed. R. Civ. P. 12(b)(6).

# III.  DISCUSSION

## A.  Standard of Review

Magistrate Judge Peebles in his report and recommendation correctly recited the legal standard governing a motion to dismiss.  *See* Dkt. No. 68, Report and Recommendation, at Part III.A.1.  The Court incorporates that standard by reference in this Memorandum-Decision and Order.

## B.  Claims previously dismissed with prejudice

As an initial matter, "[t]he law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quotation omitted).  In this case, the Court previously dismissed the following of Plaintiff's claims *with prejudice*: (1) claims asserted against any Defendant in his official capacity insofar as they sought monetary relief, (2) sections 2000a and 2000a-2 claims against Defendant Foothills insofar as they sought monetary relief, (3) CAT claims against any Defendant, and (3) any and all claims brought on behalf of Plaintiff's business.  Plaintiff's second amended complaint asks for all the same relief, and under the same legal theories, as his amended complaint, excepting his previous request for attorney's fees.  *Compare* Dkt. No. 76, Second Am. Compl., at Wheretofore clauses *with* Dkt. No. 4, Am. Compl., at 16-17 (same).  The law has not changed, and there are no other "cogent or compelling" reasons to

revisit these claims.  *See Ali*, 529 F.3d at 490.  Accordingly, the Court, once again, dismisses these claims with prejudice. [4]


## C.  New allegations in the second amended complaint

With respect to those claims properly included in the second amended complaint, Plaintiff's papers must be "read . . . liberally, interpreting them '"to raise the strongest arguments that they suggest"'" because he appears *pro se*.  *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (quotation omitted).  In this case, however, Plaintiff's second amended complaint adds no factual allegations rendering his claims plausible on their face.[5]  Instead, as noted, Plaintiff's new allegations generally fall into one of the following categories: (1) Plaintiff's dealings with individuals who are not parties to this lawsuit,[6] (2) factual scenarios with which Plaintiff was not involved and accordingly would not have standing to raise,[7] or (3) bodies of law that have no

---

[4] This includes all allegations concerning Plaintiff's business, Nuphlo Entertainment, Inc., which Plaintiff has restyled to refer to "Plaintiff's business" instead of referring to it by name. *Compare, e.g.*, Dkt. No. 4, Am. Compl., at ¶ 40 *with* Dkt. No. 76, Second Am. Compl., at ¶ 60. The Court dismisses all of these claims again based on the law of the case doctrine.

[5] Magistrate Judge Peebles correctly recited the relevant substantive law with respect to Plaintiff's claims in his report and recommendation in connection with Defendants' first motions to dismiss, which this Court accepted in its entirety.  *See* Dkt. No. 75, Order dated Aug. 13, 2014 (accepting Dkt. No. 68, Report and Recommendation).  The Court now incorporates these standards by reference in this Memorandum-Decision and Order.

[6] For example, Plaintiff now alleges that, in a previous trial on an unrelated matter, the prosecutor asked Plaintiff if he would allow himself to be represented by counsel.  *See* Dkt. No. 76, Second Am. Compl., at ¶¶ 63-66.

[7] For example, Plaintiff devotes considerable attention to reciting instances of racism and racial profiling in law enforcement in the United States with which he was not involved.  *See, e.g.*, Dkt. No. 76, Second Am. Compl., at ¶¶ 89, 119-24.

bearing on Plaintiff's claims.[8]  Accordingly, to the extent that Plaintiff's second amended complaint contains no new allegations that remedy the deficiencies in the claims the Court previously dismissed with leave to replead, the Court now dismisses these claims with prejudice.

Additionally, Plaintiff may not add a new claim for malicious prosecution at this stage in the proceedings because the factual allegations upon which this claim relies do not relate back to the same conduct set out in the original complaint.  *See* Fed. R. Civ. P. 15 (c)(1)(B) (amendment relates back when it "asserts a claim or defense that arose out of the conduct . . . set out—or attempted to be set out—in the original pleading").  Since this new claim concerns the investigation of and prosecution of unrelated drug charges, it does not relate back to the facts contained in Plaintiff's original complaint.

Further, to the extent that Plaintiff's motion papers raise new factual allegations and new claims, the Court declines to consider these allegations and claims.  Parties, including *pro se* litigants, may not use their opposition to dispositive motions as a means to amend their complaints.  *See Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).  In this case, to the extent that Plaintiff has raised new factual allegations or new claims in his motion papers, the Court may not consider such new information.

The Court considers issues particular to a given Defendant's motion below.

---

[8] For example, Plaintiff cites, among others, the "comprehensive Negro Act of 1740 passed in South Carolina," *see* Dkt. No. 76, Second Am. Compl., at ¶¶ 39-42; various provisions of the New York Penal Law, *see, e.g.*, Dkt. No. 87 at 1; the Racketeer Influenced and Corrupt Organizations Act, *see* Dkt. No. 91  at 2; and the Sherman Antitrust Act, *see id.* at 8.  In addition, the laws Plaintiff cites to invoke jurisdiction in the first paragraph of his second amended complaint are simply not relevant to his claims.

### 1. *Defendant Troopers' motion*

To the extent that Plaintiff asserts that the Trooper Defendants "did not have a right . . . to arrest him," Dkt. No. 76, Second Am. Compl., at ¶ 81, Plaintiff's guilty plea to making unreasonable noise forecloses any such claim.  "'The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest," whether that action is brought under state law or under § 1983.'"  *Jenkins v. City of New York,* 478 F.3d 76, 84 (2d Cir. 2007) (quotation and other citation omitted).  In this context, a guilty plea is equivalent to a conviction.  *See Saddler v. United States,* 531 F.2d 83, 85 (2d Cir. 1976) (citation omitted).  In other words, by pleading guilty, even to a lesser charge than that for which he was arrested, "'[a] plaintiff necessarily acknowlege[s] that he was engaged in some unlawful activity for which the police could properly take him into custody.'"  *Harris v. City of New York,* No. 09-CV-3474, 2013 WL 4858333, *4 (E.D.N.Y. Sept. 10, 2013) (quotation omitted); *Parker v. Robenski*, No. 6:13-CV-668, 2015 WL 4041734, *4 (N.D.N.Y. July 1, 2015) (probable cause for arrest "established as a matter of law as the result of a guilty plea" (citations omitted)).  For this reason, to the extent that Plaintiff asserts that Defendant Troopers were not justified in arresting him, the Court grants Defendant Troopers' motion to dismiss Plaintiff's false arrest claim with prejudice. [9]

---

[9] As noted above, however, the Court takes no action with respect to Plaintiff's excessive force claims against the Trooper Defendants because they have not moved to dismiss these claims.  Accordingly, the Court instructs the Trooper Defendants that they must file an answer to these claims within fourteen days of the filing of this Memorandum-Decision and Order.  *See* Fed. R. Civ. P. 12(a)(4).

### 2. *Defendant Foothills' motion*

As noted, Plaintiff's second amended complaint adds no factual allegations that cure the defects upon which the Court previously dismissed his claims against Defendant Foothills. For this reason, the Court grants Defendant Foothills' motion and, accordingly, dismisses all of Plaintiff's claims against Defendant Foothills with prejudice.

### 3. *City Defendants' motion*

The legal standard for Rule 12(c) motions for judgment on the pleadings is the same as that for Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006). It has long been understood that a defendant may base such a motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Federal Rule of Civil Procedure 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *See Sharpe v. Taylor*, No. 9:05-CV-1003, 2009 WL 1743987, *6 (N.D.N.Y. Mar. 26, 2009).

In this case, as noted, Plaintiff's second amended complaint adds no factual allegations which tend to cure his claims' substantive defects. Moreover, as discussed above, the Court declines to consider any new factual allegations raised outside the four corners of Plaintiff's second amended complaint. *See Shah* , 252 F. App'x at 366. For these reasons, Magistrate Judge Peebles' analysis in recommending dismissal of Plaintiff's claims against the City Defendants remains germane. *See* Dkt. 68, Rept. & Rec., at 21-30. Accordingly, the Court grants the City Defendants' motion and dismisses all of Plaintiff's claims against them with prejudice.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motions to dismiss Plaintiff's second amended complaint, *see* Dkt. Nos. 82, 83, 85, are **GRANTED.** Accordingly, all of Plaintiff's claims, with the exception of Plaintiff's excessive force claims against the Trooper Defendants, are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Trooper Defendants shall file an answer to Plaintiff's excessive force claims within fourteen days from the filing of this Memorandum-Decision and Order. *See* Fed. R. Civ. P. 12(a)(4); and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Peebles for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: December 11, 2015
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

- 10 -