IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY A. BARON,

        Plaintiff,

    v.

TIMOTHY WEST, JR., and JACOB LAKOMSKI,

        Defendants.

Civil Action No.
3:13-CV-0153 (FJS/DEP)

---

APPEARANCES:

| FOR PLAINTIFF: | OF COUNSEL: |
|---|---|
| TIMOTHY A. BARON, *Pro Se*<br>300 Main Street<br>Apartment 3<br>Oneonta, NY 13820 | |
| FOR DEFENDANTS: | |
| HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>The Capitol<br>Albany, NY 12224 | LOUIS JIM, ESQ.<br>CATHY Y. SHEEHAN, ESQ.<br>Assistant Attorneys General |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

Although plaintiff's initial complaint included additional claims, the only ones that remain in this action are excessive force causes of action against defendants Timothy West, Jr., and Jacob Lakomski, two New York State Troopers pursuant to, *inter alia*, 42 U.S.C. §§ 1981, 1983. During the course of discovery in the action, those remaining defendants served plaintiff with interrogatories and document demands that have gone unanswered despite the issuance of a text order by the court directing plaintiff to supply proper responses and warning him that, as a consequence of his failure to comply with the order, his remaining claims could be dismissed. Based upon plaintiff's failure to comply with the court's directive, defendants West and Lakomski have moved for an order dismissing plaintiff's remaining claims. For the reasons set forth below, I recommend that the motion be granted.

I. BACKGROUND

This action, which was commenced by plaintiff Timothy A. Baron, and his corporation, Nuphlo Entertainment, Inc. ("Nuphlo"), on February 10, 2013, has had a tortured procedural history which need not be recounted here in detail. To summarize, as a result of the various court rulings, all claims brought by plaintiff Nuphlo have been dismissed, as

have all claims asserted against various defendants initially sued by the plaintiffs, leaving only excessive force claims asserted by plaintiff Baron against defendants West and Lakomski.

In his second amended complaint, the currently operative pleading, plaintiff alleges, in relevant part, that, on or about April 4, 2012, while he was driving in Oneonta, New York, his vehicle was stopped by defendants West and Lakomski. Dkt. No. 76 at 12-13. The two troopers ordered plaintiff to exit the vehicle and, once he was outside, defendant West pointed what appeared to be a gun at him. *Id.* at 12-14. Defendant West then deployed a Taser gun, striking plaintiff in the chest and causing him "to undergo severe pain, heart palpitations, cardiac and respiratory arrest." *Id.* at 14. Plaintiff alleges that defendant West then "jumped on" him, placed him in a headlock, took him to the ground, and punched him in the head three or four times before placing him in restraints. *Id.* at 16. Plaintiff further alleges that defendant Lakomski applied pepper spray to his face following the tasering. *Id.* at 16. As a result of the incident, plaintiff suffered physical injuries requiring hospital treatment and was charged with obstructing governmental administration, resisting arrest, possession of marijuana, making an unsafe turn, and turning without a left signal. *Id.* at 17-18.

On May 25, 2016, defendants West and Lakomski served plaintiff with five interrogatories and five demands for the production of documents pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. Dkt. No. 159 at 4-10. Because plaintiff had not responded to those discovery demands prior to being deposed by defendants in this case on July 13, 2016, defendants' counsel asked the plaintiff, during the deposition, if he intended to answer the discovery demands, to which Baron responded, "No." *Id.* at 1; *see also* Dkt. No. 174-2 at 22.

Following the deposition, in a letter dated July 25, 2016, defendants elicited the court's assistance in procuring plaintiff's responses to the discovery demands. Dkt. No. 159. In response, the court issued a text order, also on July 25, 2016, stating, in pertinent part, as follows:

> Plaintiff is hereby ORDERED to provide proper
> responses and/or objections to defendants'
> demands on or before 8/12/2016 and is hereby
> advised that the failure to comply with this order
> could result in the issuance of sanctions, including
> the striking of plaintiff's complaint and dismissal of
> his claims.

Dkt. No. 160. Despite the issuance of that text order, plaintiff, who has filed several miscellaneous and unrelated documents since the issuance of that court order, Dkt. Nos. 175, 176, 178, 179, has not provided responses to

4

defendants' outstanding discovery demands, nor has he responded to defendants' motion for sanctions.

II. DISCUSSION

Defendants' motion is governed, in the first instance, by Rule 37(b)(2) of the Federal Rules of Civil Procedure. That section authorizes the court to issue sanctions for failure to comply with an order compelling discovery, and sets forth an array of permissible remedies, which can include "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). The court's text order, dated July 25, 2016, was issued pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Based upon plaintiff's failure to comply with that order, dismissal of plaintiff's remaining claims represents a permissible sanction under Rule 37(b)(2). *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). Properly supported, dismissal is warranted even against Baron, a *pro se* plaintiff, provided that he has been warned of the possibility of such a consequence. *Davis v. Citibank, N.A.*, 607 F. App'x 93, 94 (2d Cir. 2015).

Dismissal under Rule 37 should be ordered "only when the district judge has considered lesser alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*,

the Second Circuit advised as follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*SNET*, 624 F.3d at 144 (quotation marks and alterations omitted). District courts have "wide discretion in imposing sanctions under rule 37," and the factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

In this instance, plaintiff's non-compliance is willful, as evidenced by his unqualified negative response when asked, during his deposition, whether he intended to answer the outstanding discovery demands.[1] The court has considered lesser sanctions, and concludes that they would be ineffective to address plaintiff's refusal to comply with the court order. The duration of the non-compliance is significant, particularly in view of the fact

---

[1] Although the deposition response was given prior to the court's text order on July 25, 2016, nothing has occurred since then that serves to alter my conclusion that plaintiff's refusal to respond to the discovery demands in issue is willful.

6

that the discovery demands were served on May 25, 2016, and discovery in the action is now closed. As to the fourth governing factor, plaintiff was informed by defendants' counsel that he intended to request an order forcing him to answer the outstanding discovery demands, Dkt. No. 174-2 at 23, and the court explicitly warned plaintiff in the July 25, 2016 text order that his failure to comply with the text order could result in dismissal of his claims. Dkt. No. 160. Accordingly, each of the relevant factors weighs in favor of dismissal.

In addition to triggering the application of Rule 37(b)(2), plaintiff's inaction in this case also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez*, 2007 WL 4246443, at *2. That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31;

---

[2] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority, and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

7

*see also Baptiste*, 2014 WL 4723272, at *3 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, some of which are duplicative of those factors I previously considered in the context of Rule 37 sanctions. The five factors include the following: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

I have carefully evaluated those five factors and find that they weigh

decidedly in favor of dismissal. In particular, regarding the third factor, this case is almost four years old and stems from an incident that occurred in 2012. It is plausible that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). With respect to the fourth factor, plaintiff's unabashed refusal to respond to reasonable discovery demands and plaintiff's failure to comply with the court's order are reflective of plaintiff's disinterest in prosecuting this case. Under the circumstances, the court's interest in managing its docket outweighs plaintiff's interest in being provided any further opportunities to be heard in this case. Because I considered the remaining relevant factors in connection with my analysis under Rule 37 and found that they also weigh in favor of dismissal, it appears that the ultimate sanction of dismissal is warranted.

III. SUMMARY AND RECOMMENDATION

Plaintiff was served with five interrogatories and five document demands related to his remaining excessive force claims against defendants West and Lakomski. Despite being served with those demands approximately six months ago, and the court's issuance of a text

order directing responses to those demands, plaintiff has failed to provide defendants proper responses. Having considered the circumstances surrounding plaintiff's failure and weighed them in light of Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure, I conclude that no relief short of dismissal of plaintiff's remaining claims in this action is warranted. It is therefore hereby respectfully

RECOMMENDED that plaintiff's remaining claims in this action against defendants Timothy West, Jr., and Jacob Lakomski be DISMISSED based upon plaintiff's failure to comply with the court's text order dated July 25, 2016.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993); and that is further hereby

ORDERED that the clerk is respectfully directed to forward copies of this report and recommendation to defendants' counsel electronically and to plaintiff by ordinary mail pursuant to the court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: November 23, 2016
         Syracuse, New York