**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**TIMOTHY A. BARON,**

                  **Plaintiff,**

          v.                                            3:13-CV-153
                                                              (FJS/DEP)

**TIMOTHY WEST, JR., New York State
Trooper, in his individual capacity; and
JACOB LAKOMSKI, New York State
Trooper, in his individual capacity,**

                  **Defendants.**

---

**APPEARANCES**                                      **OF COUNSEL**

**TIMOTHY A. BARON**
Oneonta, New York 13820
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **LOUIS JIM, AAG**
**STATE ATTORNEY GENERAL**          **CATHY Y. SHEEHAN, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      On November 23, 2016, Magistrate Judge Peebles issued a Report and Recommendation in which he recommended that this Court dismiss the remaining claims in this action against Defendants West and Lakomski based on Plaintiff's failure to comply with the Court's Text Order dated July 25, 2016. *See* Dkt. No. 182 at 10. Plaintiff filed objections to this recommendation. *See* Dkt No. 183.

      The basis for Magistrate Judge Peebles' recommendation was Plaintiff's failure to comply

with the Court's Text Order Dated July 25, 2016, in which the Court ordered Plaintiff "to provide proper responses and/or objections to defendants' [discovery] demands on or before 8/12/2016 . . . ." *See* Dkt. No. 160. The Court also advised Plaintiff that his "failure to comply with this order could result in the issuance of sanctions, including the striking of plaintiff's complaint and dismissal of his claims." *See id.* Despite the Court's Order and its warning of the consequences of the failure to comply with the same, Plaintiff has not responded to Defendants' outstanding discovery demands. *See* Dkt. No. 182 at 4-5.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))).

Plaintiff's objections to Magistrate Judge Peebles' recommendation, for the most part, consist of conclusory statements that have nothing to do with Plaintiff's remaining claims, *see* Dkt. No. 183 at 2-3, or only, generally, refer to those claims, *see* Dkt. No. 183 at 2(stating that Plaintiff does "not consent of you to come up with an opinion of the attack from the New York Stat [sic] Troopers if you were not there"). The remainder of Plaintiff's objections is comprised of a list of statements in which, it appears, that Plaintiff as the "Responding Party" objects to numerous, unknown requests, which may or may not be related to Defendants' discovery requests; but, whether they are or not,

they clearly do not comply with Rule 33's requirements for such responses.  *See* Fed. R. Civ. P. 33.

Despite the lack of specificity in Plaintiff's objections, due to his *pro se* status, the Court has undertaken a *de novo* review of Magistrate Judge Peebles' recommendation.  Having completed that review, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation, dated November 23, 2016, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for sanctions, *see* Dkt. No. 174, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's remaining claims in this action are **DISMISSED**; and the Court further

**ORDERS** that the motion of Defendant Gary Herzig, in his official capacity as Mayor of the City of Oneonta, for a partial judgment in his favor pursuant to Rule 54 of the Federal Rules of Civil Procedure, *see* Dkt. No. 168, is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: December 21, 2016
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge